Cite as 2020 Ark. 360

# SUPREME COURT OF ARKANSAS

|  |  |
|---|---|
| IN RE RULES GOVERNING ADMISSION TO THE BAR: RULE XVII(A)(5). MILITARY SPOUSE TEMPORARY ADMISSION | **Opinion Delivered:** October 29, 2020 |

## PER CURIAM

On March 7, 2019, we adopted as final the Arkansas Board of Law Examiners' recommendation concerning amendments to Rule XVII of the Rules Governing Admission to the Bar. *In re Rules Governing Admission to the Bar, Rule XVII*, 2019 Ark. 74 (per curiam). We agree with the unanimous request of the Board of Law Examiners and amend, effective immediately, Rule XVII(A)(5) of the Rules Governing Admission to the Bar of Arkansas as follows:

Rule XVII. Military Spouse Temporary Admission.

A. An applicant who meets the requirements of this Rule may, upon motion, be admitted to the temporary practice of law in this jurisdiction. The Applicant shall:

(1) Have been admitted to practice law in another jurisdiction in the United States or territory;

(2) Establish that the applicant satisfies the educational requirements of Rule XII of these Rules.

(3) Establish that the Applicant is not currently subject to lawyer discipline or the subject of a pending disciplinary matter in any other jurisdiction;

(4)  Submit evidence that the Applicant is a dependent spouse of a service member of the United States Uniformed Services as defined by the Department of Defense;

(5)  Submit evidence that the service member is on full time, active duty pursuant to military orders in the State of Arkansas, ~~which shall not include duty as a member of the Active Guard and Reserve;~~ <u>or a member of the National Guard or Reserve, based in a jurisdiction other than Arkansas, who is under a call to active service authorized by the President or Secretary of Defense, and the National Guard member is, or will be, stationed in Arkansas due to military orders</u>.

(6)  Submit evidence that the Applicant is residing in Arkansas due to the service member's full time, active duty pursuant to military orders in this state;

(7)  Not have failed the Arkansas bar examination within five years of the date of filing an application under this rule;

(8)  Not have been previously denied admission to the practice of law in Arkansas; and

(9)  Agree to advise all clients, prior to providing representation of services, that the attorney is temporarily admitted under the military-spouse exception.

B.  *Filing Requirements*.  An applicant under this rule shall file an application for military-spouse certification.  An applicant under this rule shall:

(1)  Demonstrate presence in Arkansas as a spouse of a service member by filing a copy of the certification of legal relationship, such as a marriage or civil union license, and a copy of the service member's military orders reflecting a permanent change of station to a military installation in Arkansas;

(2)  Certify that the applicant has read and is familiar with the Arkansas Rules of Professional Conduct;

(3)  Provide the Board of Law Examiners with a certificate of good standing from all courts and jurisdictions in which the attorney is admitted to practice;

(4)  Pay a fee as set by the Board of Law Examiners; and

2

(5) Provide such other information as may be required by the Board of Law Examiners to determine the applicant's eligibility for temporary admission under these Rules.

C. *Duration.* A temporary admission shall terminate, and an attorney shall cease the practice of law in Arkansas 24 months from the date of admission. Additionally, the temporary admission shall terminate, pursuant to that admission, unless otherwise authorized by these rules, thirty (30) days after any of the following events:

(1) The service member's separation or retirement from the United States Uniformed Services;

(2) The service member's permanent relocation to another jurisdiction, unless the service member's immediately subsequent assignment specifies that the Department of Defense does not authorize dependents to accompany the service member, in which case the temporary attorney may continue to practice law in Arkansas as provided in this rule;

(3) The attorney's permanent relocation outside the state of Arkansas for reasons other than the service member's relocation;

(4) The attorney's ceasing to be a dependent as defined by the Department of Defense;

(5) The attorney's failure to meet the annual licensing requirements for an active attorney licensed to practice law in Arkansas, including any and all continuing legal education requirements;

(6) The attorney's request;

(7) The attorney's admission to practice law in Arkansas under any other admissions rule; or

(8) Notice by the Supreme Court at any time.

D. *Notice of Termination.* An attorney whose temporary admission is terminated shall provide written notice to the Arkansas State Board of Law Examiners within thirty (30) days of the terminating event. At least sixty (60) days before termination

3

of the temporary admission, under this rule or as soon as possible under the circumstances, the attorney shall:

(a) File in each matter pending before any court or tribunal a notice that the attorney will no longer be involved in the case; and

(b) Provide written notice to all clients receiving representation from the attorney that the attorney will no longer represent them.

E. *Benefits and Responsibilities of Temporary Admission.* An attorney temporarily admitted under this rule shall be entitled to the benefits and responsibilities of active attorneys in the State of Arkansas and shall be subject to the jurisdiction of the Supreme Court and the Supreme Court Committee on Professional Conduct with respect to the laws and rules of this state governing the conduct and discipline of attorneys to the same extent as an active attorney licensed by the Supreme Court to practice law in Arkansas.